FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 20, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BOBBETTE H.,[1]<br>　　　　　Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　　Defendant. | No. 4:19-cv-05168-MKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR REMAND<br><br>ECF Nos. 18, 24 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 18, 24. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants in part and

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

denies in part Plaintiff's motion, ECF No. 18, and grants Defendant's motion, ECF No. 24.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one

ORDER - 2

rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

**FIVE-STEP EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

ORDER - 3

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(c), 416.920(c).

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment is as severe or more

ORDER - 4

severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age,

ORDER - 5

education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On July 15, 2015, Plaintiff applied both for Title II disability insurance benefits and Title XVI supplemental security income benefits alleging a disability onset date of July 1, 2011.[2] Tr. 242-54. The applications were denied initially and

---

[2] Plaintiff previously filed for benefits on February 8, 2010; those applications were denied by an ALJ on December 9, 2010. *See* Tr. 108. The Appeals Council denied review of the prior applications on June 22, 2011. Tr. 72-73. Plaintiff then

ORDER - 6

on reconsideration.  Tr. 167-70, 175-80.  Plaintiff appeared before an administrative law judge (ALJ) on February 23, 2018.  Tr. 37-71.  At the hearing, Plaintiff amended her alleged disability onset date to August 1, 2014.  Tr. 15, 43.  On June 6, 2018, the ALJ denied Plaintiff's claim.  Tr. 12-36.

At step one of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity since August 1, 2014.  Tr. 18.  At step two, the ALJ found that Plaintiff had the following severe impairments: obesity; degenerative disc disease, lumbar spine with left leg pain; degenerative disc disease, neck; sleep apnea; left shoulder labral tear with tendonitis; Meniere's disease with hearing loss; depression; anxiety; and PTSD.  Tr. 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  Tr. 19.  The ALJ then concluded that Plaintiff had the RFC to perform light work with the following limitations:

> [Plaintiff] is able to stand, sit or walk for about four hours in an eight-hour workday with normal breaks.  [Plaintiff] must be allowed the option to change from a standing to sitting position, or vice versa, every 30 minutes, for five minutes while remaining at the workstation.

---

filed for benefits on August 22, 2011; those applications were denied by an ALJ on November 18, 2013.  Tr. 74-99.  The Appeals Council denied review of the prior applications on April 20, 2015.  Tr. 100-06.

ORDER - 7

> [Plaintiff] is restricted from climbing ladders, ropes or scaffolds, kneel or crawl, but can occasionally stoop and crouch. [Plaintiff] is capable of occasional overhead reaching bilaterally, but frequent handling and fingering bilaterally. [Plaintiff] should avoid all hazards, including unprotected heights and dangerous moving machinery, and even moderate exposure to excessive noise, with no requirement for fine hearing capability. [Plaintiff] must work in a low-stress job with no dangers, no production pace (uncontrolled by worker or sales quotas) and no critical concentration with critical defined as careful exact evaluation and judgment.

Tr. 21-22.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 28. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as mail clerk, collator operator, and photocopy machine operator. Tr. 29. Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of August 1, 2014, through the date of the decision. Tr. 29.

On April 20, 2019, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 8

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issue for review:

1. Whether the ALJ properly evaluated the medical opinion evidence.

ECF No. 18 at 1.

## DISCUSSION

### A.    Conceded Error

Plaintiff contends the ALJ improperly weighed the opinion of Robert G. Morasch, M.D., Plaintiff's treating physician. ECF No. 18 at 4-8; *see* Tr. 3333-35. Defendant concedes the ALJ committed reversible error in evaluating Dr. Morasch's medical opinion. ECF No. 24 at 2.

Accordingly, in light of the ALJ's error, the sole question before the Court is the proper remedy.

### B.    Remand Standard

Plaintiff argues that Dr. Morasch's opinion should be credited as true and the case should be remanded for an immediate calculation of benefits. ECF No. 18 at 8-10; ECF No. 25 at 1-4. Defendant argues that the case should be remanded for further administrative proceedings. ECF No. 24 at 2.

ORDER - 9

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017). Even where the three prongs have been satisfied, the Court will not remand for immediate payment of

ORDER - 10

benefits if "the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021.

### 1. Completeness of the Record

As to the first element, administrative proceedings are generally useful where the record "has [not] been fully developed," *Garrison*, 759 F.3d at 1020, there is a need to resolve conflicts and ambiguities, *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995), or the "presentation of further evidence ... may well prove enlightening" in light of the passage of time, *I.N.S. v Ventura*, 537 U.S. 12, 18 (2002); *Nguyen v. Chater*, 100 F.3d 1462, 1466–67 (9th Cir. 1996) (remanding for ALJ to apply correct legal standard, to hear any additional evidence, and resolve any remaining conflicts); *Byrnes v. Shalala*, 60 F.3d 639, 642 (9th Cir. 1995) (same); *Dodrill v. Shalala*, 12 F.3d 915, 918, 919 (9th Cir. 1993) (same); *Bunnell v. Sullivan*, 947 F.2d 341, 348 (9th Cir. 1991) (en banc) (same). Here, the record contains over 3,300 pages of medical evidence, including treatment records from several treating providers, medical source opinions as to Plaintiff's physical and mental functioning, extensive mental health treatment notes, and multiple MRIs and x-rays of Plaintiff's left shoulder, right ankle, cervical spine, and lumbar spine. The record also contains Plaintiff's function report and testimony, a function report completed by Plaintiff's significant other, and testimony from a vocational expert. However, the current record contains

ORDER - 11

conflicts and ambiguities that need to be resolved.  In evaluating Dr. Morasch's medical opinion, the ALJ stated, "the undersigned has adopted *most* of the suggested limitations therein." Tr. 27 (emphasis added).  Further, while Dr. Morasch indicated that Plaintiff could only occasionally reach at shoulder height, handle, finger, and feel, Tr. 3334, the ALJ formulated an RFC that did not include any limitations on reaching at shoulder height, and allowed for frequent handling and fingering bilaterally, Tr. 21.  Thus, although the ALJ clearly erred by failing to explain which of Dr. Morasch's specific limitations he was rejecting, and by failing to provide reasons for rejecting these limitations, the ALJ acknowledged that he did not intend to fully credit Dr. Morasch's opinion.

Moreover, Dr. Morasch's treatment notes throughout the record do not appear to support his opinion as to Plaintiff's manipulative limitations.  *See, e.g.,* Tr. 716 (February 23, 2016: Dr. Morasch's treatment notes did not discuss any symptoms or limitations related to carpal tunnel syndrome (CTS)); Tr. 959-60 (April 21, 2016: Dr. Morasch's treatment notes listed Plaintiff's symptoms and CTS was not included; a review of symptoms noted that Plaintiff was negative for myalgias, with no back pain, no joint swelling, no arthralgias, and no joint pain; Dr. Morasch noted, "[Plaintiff] would like to have SSI paperwork for her low back and right ankle pain.  The pain radiates into the [left lower extremity] down the post thigh into the ankle," and Plaintiff "[p]lans to attend school to become a

ORDER - 12

paralegal."): Tr. 1650, 1652 (July 21, 2016: Dr. Morasch listed Plaintiff's symptoms and no CTS or manipulative symptoms were included; Dr. Morasch reported; "[Plaintiff] plans to be off all of her pain meds by the end of this year as she is making a life transformation;" and observed, "[Plaintiff] seems to be doing well."); Tr. 1813 (November 7, 2016: a review of symptoms in Dr. Morasch's treatment notes stated that Plaintiff was negative for myalgias, with no back pain, no joint swelling, no anthralgias, and no joint pain); Tr. 2179 (March 14, 2017: Dr. Morasch's treatment notes reported that Plaintiff had no joint pain and no swelling; there were no notations related to CTS); Tr. 2377 (June 16, 2017: Dr. Morasch's treatment notes did not mention any symptoms related to limitations in handling or fingering); Tr. 2785 (October 30, 2017: Dr. Morasch assessed Plaintiff with morbid obesity and lumbosacral spondylosis without myelopathy); Tr. 3333-35 (February 15, 2018: Dr. Morasch opined, "She should be very functional in a basic office type job.").  Further, as argued by Defendant, the record demonstrated that Plaintiff had a history of mild carpal tunnel syndrome, mild hand tremors, mild fingering and handling findings on examination, mild limitations involving "Finger-Nose-Finger test[ing]," and mild limits regarding "Rapid Alternating [finger] Movement." Tr. 425, 477-78, 511-12.  State agency medical consultant, Dr. Greg Saue, M.D., reviewed the record in March 2016 and found that Plaintiff had no manipulative limitations.  Tr. 141.  The Court finds that a remand for

ORDER - 13

further proceedings is appropriate due to the conflict in the record as to the extent of Plaintiff's limitations, as evidenced by Dr. Morasch's treatment notes and his opinion that Plaintiff "should be very functional in a basic office type job," Tr. 3335, which presumably would require more than occasional handling and fingering. Although the first prong of the credit-as-true rule has not been satisfied, the Court will proceed in its analysis of the other two prongs.

### 2. ALJ Error

As noted above, Defendant concedes the ALJ failed to provide adequate reasons for rejecting the medical opinion of Dr. Morasch, therefore the second prong of the credit-as-true rule is met.

### 3. Crediting as True Demonstrates Disability

The third prong of the credit-as-true rule is satisfied because if Dr. Morasch's full medical opinion was credited as true, the ALJ would be required to find Plaintiff disabled on remand. Dr. Morasch opined that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, stand and/or walk for 30 minutes at a time for a total of four hours per day, and sit for 30 minutes at a time for a total of four hours per day. Tr. 3334. Dr. Morasch indicated that Plaintiff could never climb, balance, crouch, or crawl, and could occasionally stoop/bend, kneel, reach overhead, reach at shoulder height, handle, finger, and feel. *Id.* Dr. Morasch indicated that Plaintiff should not lift more than 20 pounds, and when asked

ORDER - 14

whether Plaintiff would regularly miss work, Dr. Morasch indicated that "she should be very functional in a basic office type job." Tr. 3335. The ALJ failed to ask the vocational expert about the effect of Dr. Morasch's opined limitation on reaching at shoulder height, nor did the ALJ include a limitation on reaching at shoulder height in Plaintiff's RFC. Tr. 61-66. However, the vocational expert testified that an individual with Plaintiff's RFC would be unable to perform other work that existed in significant numbers in the national economy if that individual was also limited to only occasional handling and fingering. *Id*. Based on the vocational expert's testimony, Plaintiff would be considered disabled if the ALJ had fully credited Dr. Morasch's opinion.

### 4. Serious Doubt

This Court has carefully considered Plaintiff's request for a remand for calculation of benefits. However, "[a] claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Strauss v. Comm'r*, 635 F.3d 1135, 1138 (9th Cir. 2011). Here, although error is conceded by Defendant, the Court notes that the ALJ cited evidence that casts serious doubt as to whether Plaintiff is disabled. Tr. 24; *see, e.g.,* Tr. 474, 477-78 (July 22, 2014: physician Debra Shinkle, M.D., performed a neurological examination and noted that Plaintiff could walk with a normal gait; she gave hardly any response to a motor examination of her legs, she hardly

ORDER - 15

pushed or pulled back, but she stood on one foot without problems; Dr. Shinkle opined that "[o]bviously she is trying to understate her strength in her lower extremities," and added that many of Plaintiff's symptoms appeared mental rather than physical); Tr. 455 (January 15, 2015: Carolyn O'Connor, M.D., reported that Plaintiff was "doing well and really needs little other then (sic) refills"); Tr. 603 (April 6, 2015: Stacey Bogdanowicz, PA-C, characterized Plaintiff's March 23, 2015 lumbar spine MRI as "actually quite benign"); Tr. 535, 537-38 (September 14, 2015: Dr. O'Connor diagnosed Plaintiff with acquired spondylolisthesis, facet arthropathy, and sacroiliac joint arthropathy, and she indicated that these impairments were likely not so severe as to keep Plaintiff from working; Dr. Connor indicated that Plaintiff would not be able to handle a desk job due to her inability to hear telephone calls); Tr. 682 (February 3, 2016: Derek Sucharda, P.A., noted he "was concerned about some mild symptom magnification and lack of full effort that was given during muscle strength testing," and found "[s]ome of her muscle strength testing seemed to be inconsistent with other physical activities that she did during her visit with us today."); Tr. 2995 (January 19, 2017: Sunanda Uberoi, M.D., reported that Plaintiff had osteoarthritis of the lumbar spine that did respond to oral anti-inflammatory medications, though Plaintiff did not tolerate them; Dr. Uberoi recommended Aspercreme or Icy Hot, and advised Plaintiff to begin an exercise program); Tr. 2731 (September 28, 2017: neurologist Jason

ORDER - 16

Dreyer, D.O., diagnosed Plaintiff with spondylolisthesis at L3-L4 and L5-S1, scoliosis, and stenosis, and noted that these conditions likely contributed to her back pain, leg pain, leg weakness, and claudication; Dr. Dreyer identified Plaintiff as a surgical candidate, but she elected to stay with conservative treatment for that moment); Tr. 3005 (October 4, 2017: Deepa Gail, M.D., indicated that Plaintiff had no swelling or instability in any of her joints except for her right ankle). Moreover, the ALJ found Plaintiff's symptom testimony to be "less than fully consistent" with the evidence. Tr. 25. Plaintiff has not challenged the ALJ's finding regarding her symptom complaints; thus, any challenge is waived. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (determining Court may decline to address on the merits issues not argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the Court may not consider on appeal issues not "specifically and distinctly argued" in the party's opening brief). This summary is not meant to constitute a finding that Plaintiff is not disabled. The ALJ's decision on Plaintiff's non-disability is flawed for the reason conceded by Defendant and outlined above. However, this summary is provided to explain this Court's conclusion that a remand for further proceedings (as opposed to a remand for calculation of benefits) is the appropriate remedy.

On remand, the ALJ is instructed to analyze the specific limitations assessed by Dr. Morasch, indicate the weight given to the opinion, including the extent to

ORDER - 17

which Plaintiff is limited in her ability to reach at shoulder height, as well as her ability to handle and finger bilaterally. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (Finding that an ALJ erred by failing to mention a treating source's opinion, the Ninth Circuit determined it to be "most appropriate to vacate the district court's opinion, remand with instructions to the district court to remand to the ALJ, and specifically to invite the ALJ to comment on [the treating source's] medical opinions and records."). If necessary, the ALJ is directed to elicit testimony from a medical expert, reevaluate Plaintiff's RFC, determine whether Plaintiff is able to perform her past relevant work, and determine whether Plaintiff is able to perform other work that exists in significant numbers in the national economy through supplemental testimony from a vocational expert..

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **GRANTED IN PART AND DENIED IN PART**.

//

//

//

ORDER - 18

2. Defendant's Motion for Remand, **ECF No. 24**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE.**

DATED May 20, 2020.

_s/Mary K. Dimke_
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 19